JENNIE MARCUS, WIFE OF HYMAN MARCUS, AND HYMAN MARCUS, INDIVIDUALLY, PLAINTIFFS-RESPONDENTS, v. ST. PAUL MERCURY INDEMNITY COMPANY, ST. PAUL, MINNESOTA, A BODY CORPORATE, DEFEND-ANT-APPELLANT.

Submitted October 16, 1931—Decided December 15, 1931.

Before Justices CAMPBELL, LLOYD and BODINE.

For the defendant-appellant, *Green & Green* (*Harold Farkas,* of counsel).

For the plaintiffs-respondents, *Siegendorf & Schwartz.*

PER CURIAM.

The appeal brings up a judgment in favor of the plaintiffs.

Mrs. Marcus claimed personal injuries by reason of a fall on premises of the Lay Fish Market at 24 Peck Slip, New

York City. She and her husband consulted a firm of attorneys with a view of having a suit for damages instituted. The attorneys brought the matter to the attention of the Lay Fish Market by letter dated March 17th, 1931, and in reply thereto received a letter under date of March 23d, 1931, purporting to be from the Salvadge Adjustment Corporation, adjuster for the St. Paul Mercury Indemnity Company, the defendant in this case, requesting them to discuss the matter with Mr. Gallagher, of the casualty department, with a view to settlement. Negotiations were commenced and there was a visit to Gallagher and a Mr. Kosch, who occupied offices in the suite of offices used by the defendant indemnity company and the Salvage Adjustment Corporation. The upshot of the negotiations was that these individuals agreed to settle the case for $275 upon the plaintiffs executing a release. The release was executed and the agreement of settlement was then repudiated resulting in the present action.

It is contended that the agreement of settlement was without consideration and that there was no proof either of the agency of the Salvage Adjustment Corporation or of Gallagher or Kosch to negotiate a settlement for the St. Paul Mercury Indemnity Company, and further that the letters addressed to the plaintiffs' attorneys were not properly received in evidence.

The defendant called Harry Hyman, the president of the Salvage Adjustment Corporation, who testified that the company adjusted losses for the defendant indemnity company, but that the only persons having authority to approve settlements were the president and vice-president of the Salvage Adjustment Corporation; that although Kosch and Gallagher were both employed by the Salvage Adjustment Corporation, they had no authority to make settlements. It further appeared that the letters received in evidence were written in due course of business by Gallagher and that the letterhead bearing the name of the St. Paul Mercury Indemnity Company was used with the approval of that company. It also appeared that both Kosch and Gallagher had authority to discuss settlements but were instructed to state that their action must be approved before it became final.

It seems to us apparent that the defendant was not prejudiced by the receipt of the letters in evidence, in view of the testimony offered in its behalf. It would also seem from the testimony introduced that the court was justified in finding that the contract of settlement was perdicated upon a good and valid consideration. There was no denial of the defendant's liability and the only proof offered was indicative of the limited authority reposed in the employes of the Salvage Adjustment Corporation.

Conceding that possibly the letters were improperly received in evidence at the time they were offered, it seems to us that the testimony on behalf of the defendant confirmed the action of the trial judge and established the plaintiffs' right of recovery. It was a fair inference from all the testimony that Gallagher and Kosch were clothed with apparent authority to settle the matter. Since there was proof to support the findings of the trial judge, those findings cannot be disturbed on appeal.

The judgment will be affirmed, with costs.